IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD<br>333 South Wabash Avenue<br>Chicago, Illinois 60604,<br><br>and<br><br>AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA<br>333 South Wabash Avenue<br>Chicago, Illinois 60604,<br><br>Plaintiffs,<br><br>v.<br><br>DIMENSIONAL SOLUTIONS, INC.<br>1012 14th Street, NW<br>Suite 905<br>Washington, DC 20005<br><br>SERVE:<br>Business Filings Incorporated<br>1015 15th Street NW, Suite 1000<br>Washington, DC 20005<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT |

Plaintiffs National Fire Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania (collectively referenced as "Plaintiffs"), by way of Complaint against defendant Dimensional Solutions, Inc. ("Defendant") complains and for causes of action alleges as follows:

### THE PARTIES

1. Plaintiff National Fire Insurance Company of Hartford ("National") is an insurance carrier organized under the laws of the State of Illinois and has a principal place of

business at 333 South Wabash Avenue, Chicago, Illinois. National is authorized to transact business in the District of Columbia.

2. Plaintiff American Casualty Company of Reading, Pennsylvania ("American") is an insurance carrier organized under the laws of the State of Illinois and has a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. American is authorized to transact business in the District of Columbia.

3. Defendant Dimensional Solutions, Inc. is a corporation organized under the laws of the District of Columbia and has a principal place of business at 1012 14th Street, NW, Suite 905, Washington, DC.

## JURISDICTIONAL ALLEGATIONS

4. The amount in controversy between the parties is in excess of $75,000.

5. Jurisdiction is based on diversity of citizenship under 29 U.S.C. § 1332.

## COUNT ONE
(Breach of Contract)

6. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 5 as if fully set forth herein.

7. National issued Policy No. CNP4024101539 for the effective dates of September 1, 2011 to September 1, 2012 (the "National 2011 Policy") to Defendant.

8. The initial premiums for the National 2011 Policy were $9,445.

9. Defendant paid Plaintiffs $9,445 for the initial premiums for the National 2011 Policy.

10. The National 2011 Policy was renewed for the effective dates of September 1, 2012 to September 1, 2013 (the "National 2012 Policy").

11. The initial premiums for the National 2012 Policy were $20,082.

12. Defendant paid Plaintiffs $5,016.54 for the initial premiums for the National 2012 Policy.

13. American issued Policy No. WC4024101637 for the effective dates of September 1, 2011 to September 1, 2012 (the "American 2011 Policy") to Defendant.

14. The initial premiums for the American 2011 Policy were $45,451.

15. Defendant paid Plaintiffs $45,451 for the initial premiums for the American 2011 Policy.

16. The American 2011 Policy was renewed for the effective dates of September 1, 2012 to September 1, 2013 (the "American 2012 Policy"). The National 2011 Policy, National 2012 Policy, American 2011 Policy, and American 2012 Policy are collectively referenced as the "Policies"

17. The initial premiums for the American 2012 Policy were $53,658.

18. Defendant did not pay any portion of the initial premiums for the American 2012 Policy.

19. The Policies are insurance contracts that have provided and continue to provide insurance coverage for various liabilities of Defendant in exchange for premiums.

20. Plaintiff fulfilled its contractual obligations and provided the coverage afforded by the Policies.

21. Pursuant to the terms of the Policies, the initial premiums were based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated payroll and/or exposure for the effective dates of coverage.

22. Since initial premiums are based on estimated information, the Policies are subject to audit based on the actual exposure (i.e. actual payroll and classification of employees)

during the effective dates of coverage. These audits can result in additional premiums due to the insurer from the insured or return of premiums to the insured from the insurer.

23. The audit of the National 2011 Policy produced additional premiums of $8,975 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely manner.

24. Defendant has not paid any portion of the additional premiums for the National 2011 Policy.

25. The audit of the National 2012 Policy produced a premium credit of $12,550.

26. The audit of the American 2011 Policy produced additional premiums of $59,414 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely manner.

27. Defendant has not paid any portion of the additional premiums for the American 2011 Policy.

28. The audit of the American 2012 Policy produced a premium credit of $49,586.

29. Defendant is also indebted to Plaintiffs for an Installment Fee in the amount of $47.

30. Plaintiffs billed and/or issued demands for payment for the outstanding amounts to Defendant in a timely fashion.

31. Defendant has failed, refused and continues to refuse to remit payment of the $75,023.46 ($8,975 + $20,082 - $12,550 - $5,016.54 + $59,414 + $53,658 - $49,586 + 47) owed to Plaintiffs pursuant to the terms of the Policy.

32. Defendant has failed, refused, and continues to refuse to pay the $75,023.46 balance due and owing to Plaintiffs pursuant to the terms of the Policies.

33. On numerous occasions prior to filing the instant litigation, Plaintiff demanded payment of the $75,023.46 owed by Defendant to Plaintiffs.

34. Defendant has breached the insurance contracts between the parties by its failure to remit payment for premiums.

35. Defendant has failed, refused and continues to refuse to pay the balance due and owing Plaintiffs, thereby resulting in damages to Plaintiffs in the amount of $75,023.46, plus attorneys' fees, expenses and court costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $75,023.46 as compensatory damages, together with costs and expenses of suit, interest, and such further relief as this Court deems just and proper.

### COUNT TWO
(Unjust Enrichment)

36. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiffs have provided insurance coverage and related services to Defendant for which Defendant has refused to pay. Defendant has been unjustly enriched thereby.

38. Plaintiffs have demanded that Defendant remit payment of the amount due and owing to Plaintiff.

39. Defendant has failed, refused and continues to refuse to pay the balance due and owing Plaintiffs, thereby resulting in damages to Plaintiffs in the amount of $75,023.46, plus attorneys' fees, expenses and court costs.

**WHEREFORE**, Plaintiffs demands judgment against Defendant in the amount of $75,023.46 as compensatory damages, together with costs and expenses of suit, interest, and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

40. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 39 as if fully set forth herein.

41. Defendant, being indebted to Plaintiffs in the sum of $75,023.46 upon an account stated between them, promised to pay Plaintiff said sum on demand.

42. Plaintiffs have demanded payment of the amount due and owing from Defendant to Plaintiffs on numerous occasions prior to filing the instant litigation.

43. Plaintiffs have attempted to collect the amount due and owing from Defendant to Plaintiffs without success.

44. Defendant has failed, refused and continues to refuse to pay the balance due and owing Plaintiffs, thereby resulting in damages to Plaintiffs in the amount of $75,023.46, plus attorneys' fees, expenses and court costs.

**WHEREFORE**, Plaintiffs demands judgment against Defendant in the amount of $75,023.46 as compensatory damages, together with costs and expenses of suit, interest, and such further relief as this Court deems just and proper.

Dated: August 8, 2013　　　　　　　　By: __/s/ David D. Hudgins__
　　　　　　　　　　　　　　　　　　　David D. Hudgins, Esq. (D.C. Bar #362451)
　　　　　　　　　　　　　　　　　　　HUDGINS LAW FIRM, P.C.
　　　　　　　　　　　　　　　　　　　515 King Street, Suite 400
　　　　　　　　　　　　　　　　　　　Alexandria, Virginia 22314
　　　　　　　　　　　　　　　　　　　Telephone (703) 739-3300
　　　　　　　　　　　　　　　　　　　Facsimile (703) 739-3700
　　　　　　　　　　　　　　　　　　　dhudgins@hudginslawfirm.com